The Supreme Court affirmed the decree of the Common Pleas on June 4, 1874, in the following opinion:
Per Curiam.
No principle is better settled than that the capital stock of a corporation is a.trust fund for the payment of its debts. In the case of insolvency no stockholder shall be permitted to withdraw any part of its assets until all its debts are paid. What cannot be done directly, a Court of equity will not suffer to be done indirectly. It is an undisputed fact that the corporation defendants were insolvent, unable to pay its debts, and at a meeting of the stockholders, on March 17, 1869, it was agreed to sell the real estate of the corporation in separate parcels to Calvin Gilbert and Henry Shepler, two of the stockholders who were present; Gilbert to pay $6,000 in cash and $5,700 in shares of stock, at the rate of $15 per share, and Shepler to pay $6,000 in cash and $6,600 in shares at the same rate. There was no intention to-defraud the creditors by this arrangement, but it was made under the mistaken belief that the cash payment would enable the corporation to pay all its debts. Gilbert and Shepler, not having a sufficient amount of stock to meet their engagement, procured transfers of the shares of other stockholders. Most of them were present at the meeting, and knowledge of the arrangement by the others is not denied. It is not and cannot be denied, that as to Gilbert and Shepler this arrangement was void as against the creditors. They were bound in equity for the whole amount *491 in cash. ; but it seems to us equally clear that the other stockholders who participated in the benefits of the arrangement are also bound to answer to the creditors for the amounts which they respectively received on their shares. This is the principle upon which the decree below was made.
Decree affirmed and appeal dismissed at the costs of the appellant.